Ricardo **LUNA–CASTRO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE Respondent.**

No. 97–71242.

INS No. A70–928–347.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 1999.

Decided Jan. 3, 2001.

Before JAMES R. BROWNING, KOZINSKI, and WARDLAW, Circuit Judges.

## MEMORANDUM [1]

Ricardo Luna–Castro ("Luna–Castro") petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his request for asylum and withholding of deportation. He argues the record compels the finding that he was persecuted on account of his actual and imputed political opinion. He also argues that the BIA erred, as a matter of law, in holding that he must prove a threat of country-wide persecution to be eligible for asylum. We have jurisdiction under § 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a). We grant the petition for review and affirm.

## I. ACTUAL POLITICAL OPINION

Substantial evidence supports the BIA's finding that Luna–Castro was not persecuted, and does not have the requisite fear of persecution, on account of his political opinion. The only evidence in the record of Luna–Castro's actual opinion is his statement that he was a peaceful person and did not "want to help the guerrillas." That Luna–Castro resisted or refused to assist the guerrillas does not, without additional support, provide sufficient evidence of a political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

## II. IMPUTED POLITICAL OPINION

The BIA did not discuss whether Luna–Castro might be eligible for asylum

---

or withholding of deportation based on imputed political opinion. However, the evidence does not compel the conclusion that he was persecuted for this reason. Evidence of "political revenge" may be sufficient to show persecution on account of imputed political opinion. *Lim v. INS,* 224 F.3d 929, 934 (9th Cir.2000). Although persecution of an applicant's family members is also highly probative in determining asylum eligibility on the basis of imputed political opinion, the evidence must show the persecutors imputed a political opinion to the applicant himself. *Navas v. INS,* 217 F.3d 646, 659 n. 18 (9th Cir.2000).

While the record contains some evidence that the guerrillas held a grudge against Luna–Castro and his family based on his brother's military service, that evidence does not prove the guerrillas' conduct was motivated by political revenge. Rather, the bulk of the evidence points to the apolitical, economic motives of the guerrilla persecutors. Luna–Castro testified that when the guerrillas came to his family's house they asked "that we give them food, clothing, money." Only when the family objected did the guerrillas mention that they were looking for Luna–Castro's brother. Further, Luna–Castro testified that other villagers, who had no family members in the military, were wounded by the guerrillas in the same raid.

In short, Luna–Castro has not demonstrated that the evidence compels the conclusion he was persecuted on account of actual or imputed political opinion. Accordingly, we affirm the BIA's denial of political asylum and withholding of deportation.

AFFIRMED.

---

1.  This disposition is not appropriate for publi-     cation and may not be cited to or by the